UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL PERRY,

                Plaintiff,

         v.

THE STATE OF NEW YORK; THE
DEPARTMENT OF CORRECTION,

                Defendants.

No. 21-CV-4163 (RA)

ORDER OF SERVICE

RONNIE ABRAMS, United States District Judge:

      Plaintiff, who is a federal detainee currently incarcerated in the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that correction officials failed to adequately protect him from contracting COVID-19 while he was housed in the Vernon C. Bain Center ("VCBC") in the custody of the New York City Department of Correction.[1] By order dated May 13, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Plaintiff filed the original complaint with 41 other VCBC detainees. By order dated May 7, 2021, Chief Judge Laura Taylor Swain severed the plaintiffs' claims and directed that they be opened as 41 separate actions. Dkt. 1 at 5–6. By order dated May 18, 2021, Chief Judge Swain directed Plaintiff to amend his pleading to name as the defendants those individuals who he alleged were involved in the deprivation of his federal rights and to allege facts that state a claim under § 1983 and the Fourteenth Amendment. Dkt. 4 at 7–9.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A.     The State of New York**

Chief Judge Swain previously dismissed Plaintiff's claims against the State of New York because "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009); *see* Dkt. 4 at 4. The Court dismisses Plaintiff's current claims against the State of New York for the same reasons.

**B.     New York City Department of Correction**

Plaintiff's claims against the New York City Department of Correction must also be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016) ("[C]laims against DOC were correctly dismissed because, as a city agency, it is not a suable entity.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and respectfully directs the Clerk of Court to amend the caption of this action to replace the Department of Correction with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### C. Waiver of Service

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against the State of New York and the Department of Correction under 28 U.S.C. § 1915(e)(2)(B)(iii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21 and change the caption accordingly.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 13, 2021
New York, New York

Ronnie Abrams
United States District Judge